OPINION
{¶ 1} On June 6, 1998, Darlene Amore was a passenger in her own van being driven by her husband, Thomas Amore, when it was rear-ended by Elizabeth Brennan. As a result of the accident, Mrs. Amore sustained injuries and lost wages.
 {¶ 2} At the time of the accident, Mrs. Amore was employed by The Thomson Corporation, insured under a business auto policy issued by Continental Insurance Company. Mr. Amore was employed by FujiFilm America, Inc., insured under a business auto policy issued by Tokio Marine and Fire Insurance Company, Ltd. Both Mr. and Mrs. Amore were insured under a personal insurance policy issued by Grange Mutual Casualty Company.
 {¶ 3} On June 5, 2000, appellees, Mr. and Mrs. Amore, filed a complaint against Grange and Continental, seeking underinsured motorists benefits. On February 9, 2001, appellees filed an amended complaint, adding Tokio as a party defendant. Grange filed cross-claims against Continental and Tokio for contribution on a pro-rata basis.
 {¶ 4} All the insurance companies filed motions for summary judgment. By judgment entry pending summary judgment motions filed May 1, 2002, the trial court denied the motions, finding appellees were entitled to underinsured motorists benefits under all three policies, with Grange's coverage being primary and the remaining policies being excess.
 {¶ 5} On July 24, 2002, the parties filed a joint stipulation, stating there remained $200,000 in damages after reduction for the amount paid on behalf of the tortfeasor's insurer, Grange tendered the full $50,000 underinsured motorists benefit to appellees and any prejudgment interest claims had yet to be decided.
 {¶ 6} On August 23, 2002, Grange filed a notice of appeal (Case No. 02CA58). Continental filed a cross-appeal on August 28, 2002.
 {¶ 7} By judgment entry on plaintiff's motion for judgment and prejudgment interest filed September 20, 2002, the trial court resolved the remaining issues in the case.
 {¶ 8} This matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 9} "The trial court erred in overruling defendant-appellant, Grange Mutual Casualty Company's, motion for summary judgment, and erred in holding 'the February 1, 2002 motion of defendant Grange is overruled. Grange's coverage is the primary insurance coverage for plaintiff, and Continental's and Tokio's are excess coverage.'"
 {¶ 10} The cross-assignment of error is as follows:
 I {¶ 11} "The trial court erred in declaring that plaintiffs are entitled to underinsured motorist coverage under the commercial auto policy issued by defendant-appellee/cross-appellant continental insurance company, and in denying continental's motion for summary judgment on the same policy."
 I {¶ 12} At the outset, we note appellees argue the matter appealed from was not a final appealable order. Grange conceded the issue during oral argument. Upon review, we agree.
 {¶ 13} On August 23, 2002, Grange filed a notice of appeal of the May 1, 2002 judgment entry. Said entry did not contain Civ.R. 54(B) language nor did it resolve all of the parties' claims in the case While the notice was untimely filed pursuant to App.R. 4, Grange argued timeliness via the joint stipulation filed July 24, 2002. Grange in effect argued the joint stipulation turned the May 1, 2002 non-appealable order into a final appealable order.
 {¶ 14} The joint stipulation did not affect the May 1, 2002 judgment entry. The stipulation was the basis for the September 20, 2002 judgment entry which entered judgment against the insurance companies and resolved the remaining issues in the case, thereby becoming the final appealable order.
 {¶ 15} Based upon the foregoing, this appeal is dismissed. The issues raised in this appeal will be discussed in Grange's cross-appeal in Case No. 02CA70.
 CROSS-ASSIGNMENT OF ERROR I {¶ 16} Based upon our dismissal of this case, we find the cross-appeal to be moot. The issues raised in this cross-appeal will be discussed in Case No. 02CA70, Continental's direct appeal.
By Farmer, J., Gwin, P.J. and Edwards, J. concur.